# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EDWARD GRAVES, JR., | 1:08-cv-00792 LJO DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JAMES D. HARTLEY, | [Doc. 1] |
| Respondent. / | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

<u>RELEVANT HISTORY</u>

Following a jury trial in the Fresno County Superior Court, Petitioner was found guilty of corporal injury to a spouse (Ca. Pen. Code[1] § 273.5, subd. (e)), false imprisonment by violence (§ 236), and resisting, obstructing, or delaying a peace officer, a misdemeanor (§ 148, subd. (a)(1)). (CT 53-56.)

On October 25, 2005, Petitioner waived his right his right to a jury trial on the issue of his prior convictions and admitted the two prior prison terms. (CT 247-248; RT 1206-1207.)

On November 28, 2005, the trial court sentenced Petitioner to the aggravated term of five years as to count one, plus two years for the two prison priors, for a total of seven years. The court imposed the aggravated term of three years for the false imprisonment by violence which was stayed

---

[1] All future references are to the California Penal Code unless otherwise indicated.

1

pursuant to section 654. As to the misdemeanor conviction, the court ordered Petitioner to receive credit for time served. (CT 249; RT 1219-1220.)

Petitioner filed a timely notice of appeal. On November 28, 2006, the California Court of Appeal, Fifth Appellate District affirmed the judgment. (Unpublished Opinion, 2006 WL 3411412.)

On September 12, 2007, the California Supreme Court denied the petition for review. (Lodged Doc. No. 15.)

Petitioner filed the instant federal petition for writ of habeas corpus on June 6, 2008. (Court Doc. 1.) Respondent filed an answer to the petition on September 29, 2008, and Petitioner filed a traverse on November 2, 2008. (Court Docs. 8, 9.)

## STATEMENT OF FACTS[2]

On July 4, 2005, Nina McNeil called her mother, Evelyn,[3] who had recently married Graves. Graves answered the phone sounding "very upset." In the background, Nina could hear Evelyn crying and saying her face was swollen and he would not let her leave. Nina hung up, called 911, and called her mother back. Evelyn was still crying; Nina heard Graves say, "That's what you get." Nina drove to Evelyn's apartment and found Evelyn sitting on the front porch. Her face was swollen. Evelyn told Nina that Graves had hit her face several times.

Fresno Police Officer Brandon Wiemiller was called to the scene. When he arrived, medical personnel were treating Evelyn. The left side of her face was swollen and the skin above her lip was torn. There were abrasions on her elbows and knee and discoloration on her chest. There were old cut marks on her wrists but nothing to indicate recent injury. Evelyn told Wiemiller that she and Graves had been drinking. When she told Graves she wanted out of the relationship, he replied, "you've turned against me," and hit her. Graves punched her face several times as she was attempting to leave. When he heard the police had been called, he left with his nine-year-old daughter, who was also in the apartment.

Officers found Graves and his daughter several miles away on bicycles. They were riding to the nearby residence of the child's mother. Graves did not immediately comply with the officer's directives to stop and to get on the ground.

By the time of trial, Evelyn had reconciled with Graves. She testified that Graves had not struck her. He had attempted to restrain her because she was cutting her wrists-something she had done before when she was upset. She had been drinking heavily and her injuries resulted from several falls she took that day.

///

---

[2] The Court finds the Court of Appeal correctly summarized the facts in its November 28, 2006 opinion. Thus, the Court adopts the factual recitations set forth by the California Court of Appeal, Fifth Appellate District.

[3] The victim and appellant share the same last name. She is referred to as Evelyn; he as Graves.

2

*Prior Domestic Abuse Evidence*

Rebecca Cain had an off and on again relationship with Graves between 1994 and 2001. On several occasions when he had been drinking, they argued and he beat her. She suffered black eyes, "busted lips," broken toes, and finger and "stomach" injuries. In 2001, Graves beat her and attempted to choke her but released her when her daughter Monay, who witnessed at least part of the altercation, threatened him with a rolling pin. Monay, who was 18 when she testified, confirmed the details of her mother's 2001 beating.

*Defense*

Graves did not present any evidence. In closing, he argued that Evelyn's statements to the investigating officers were not credible. The jury should believe her trial testimony that Graves did not hit her; she had injured herself by falling.

(Unpublished Opinion, 2006 WL 3411412 at *1-*2.)

## DISCUSSION

A.  Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375, 120 S.Ct. 1495, 1504, n.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution.  The challenged conviction arises out of the Fresno County Superior Court, which is located within the jurisdiction of this Court.  28 U.S.C. § 2254(a); 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997; Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

B.  Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade,123 S.Ct.1166 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1175 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

C.  Admission of Prior Acts of Domestic Abuse

On direct appeal Petitioner claimed that the trial court abused its discretion by admitting the evidence of his prior acts of domestic abuse. To the extent Petitioner is renewing the claim here, it is without merit because there is no clearly established Supreme Court precedent prohibiting the

admission of propensity evidence. See Alberni v. McDaniel, 458 F.3d 860 (9th Cir. 2006) ("We cannot conclude that the Nevada Supreme Court acted in an objectively unreasonable manner in concluding that the propensity evidence introduced against Mr. Alberni did not violate due process, given that *Estelle* [*v. McGuire*, 502 U.S. 62 (1991)] expressly left this issue an 'open question.').

However, it is unclear whether Petitioner is raising the same claim that was raised in the state appellate court, as Petitioner asserts the following in Ground One of the Petition:

> illegal enhancement and illegal sentence pertaining to the upper sentence that was given to me.
> Victim testified that because of past prior abuse, she tried to cut her wrist, when I took the knife from her. She fell to the floor and assumed I hit her, but after being untraumatized clearly remembers I did not hit her because she was intoxicated and had fallen out, with family members gone.

(Petition, at 4.)

Any challenge to the victim's testimony is unexhausted. A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). Petitioner failed to raise this claim to the state's highest court, and is therefore barred from raising it here. Id.

Notwithstanding the lack of exhaustion, it is clear Petitioner's claim is without merit. Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005) (a federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim).

Although the victim's trial testimony recanted her statements made to officers accusing Petitioner of domestic abuse, Petitioner has not alleged anything improper about presenting her prior statements to officers to impeach such testimony. The recantation by the victim was properly weighed by the jury, along with the evidence offered by the State, and issues of credibility are for the jury, not this Court, to decide. United States v. Delgado, 357 F.3d 1061, 1068 (9th Cir. 2004) ( "the credibility of witnesses is a question for the jury, unreviewable on appeal.")

D.   Sentencing Claim

Petitioner contends that the probation report indicated that Petitioner had multiple prior convictions. The trial court imposed the upper term sentence of 5 years for Petitioner's corporal injury to a spouse conviction based on his prior convictions. (RT 1218-1219.)

The imposition of an upper term based on aggravating factors not found by the jury generally violates the Sixth Amendment, however, the exception based on a finding of the defendant's prior convictions remains in tact. Cunningham v. California, 549 U.S. 270 (2007); Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). In addition, only one aggravating factor is necessary for imposition of the upper term under California law. Butler v. Curry, 528 F.3d 624, 643 (9th Cir. 2008).

The state courts' determination of this issue was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. Because the aggravated term was based on the fact of Petitioner's prior convictions, of which he freely admitted (RT 1206-1207), there was no Sixth Amendment violation. See Butler v. Curry, 528 F.3d at 643.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.   The petition for writ of habeas corpus be DENIED; and

2.   The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 11, 2008             /s/ Dennis L. Beck
                                    UNITED STATES MAGISTRATE JUDGE